UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:13-CV-168-EBA

JAMES RAY MANNING,                                                                              PLAINTIFF,

V.                         **MEMORANDUM OPINION**
                              **AND ORDER**

CAROLYN W. COLVIN,
Commissioner of Social Security Administration,                 DEFENDANT.

## I. INTRODUCTION

      Plaintiff, James Ray Manning, brings this action under 42 U.S.C. § 405(g) to challenge the Defendant Commissioner's final decision denying his application for Disability Insurance Benefits and Supplemental Security Income (SSI). [Record No. 1]. Upon consent of the parties, this matter has been referred to the undersigned to conduct all proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. [Record No. 15]. Now ripe for decision on the parties' cross-motions for summary judgment, and for the reasons set forth herein, the Plaintiff's Motion for Summary Judgment [Record No. 9] shall be granted, the Defendant's Motion for Summary Judgment [Record No. 11] shall be denied, and Judgment will be entered reversing the final decision of the Defendant Comissioner and remanding the action for further consideration.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

      On December 14, 2010, the Plaintiff filed an application for disability insurance benefits and supplemental security income. [Tr. 177-188]. In these applications, the Plaintiff alleged disability

1

since November 19, 2010. Id. In his Disability Report, Form SSA-3368, the Plaintiff claimed his work ability was limited due to rheumatoid arthritis in his hip, bone loss in right ankle and post traumatic stress disorder ("PTSD"). [Tr. 227]. His claim was denied initially [Tr. 63-118], and on reconsideration [Tr. 121-127]. After denial of his claim, Plaintiff requested a hearing in front of an Administrative Law Judge ("ALJ"). [Tr. 187].

On July 17, 2012, a hearing was held before ALJ Ronald M. Kayser ("Kayser"). [Tr. 32-61]. The Plaintiff testified at the hearing, and was represented by Leah Hawkins. [Tr. 32-61]. The ALJ also heard testimony from vocational expert Joyce Forrest. [Tr. 32-61]. ALJ Kayser denied Plaintiff's claim for benefits in a written decision dated March 5, 2012. [Tr. 15-27]. In evaluating Plaintiff's claim, the ALJ applied the five-step sequential evaluation process to determine that he was not disabled. See 20 C.F.R. §§ 404.1520; 416.920. At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of his application for benefits. [Tr. 21]. Next, the ALJ found that the Plaintiff has the following severe impairments: anxiety, depression, status post right foot fracture and hearing loss in the right ear. [Tr. 21]. At step three, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 21].

The fourth step of the analysis is to determine whether the Plaintiff's residual functional capacity ("RFC") would allow him to perform the requirements of his past relevant work.[1] The ALJ

---

[1] An RFC is the assessment of the claimant's maximum remaining capacity to perform work related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 404.1545(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567 at *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708 at *11 (6th Cir. Jan. 12, 2001). In this case, the ALJ made findings that the: "[Plaintiff] must avoid loud noise environment. [Plaintiff] moderately limited ability to understand, remember and carry out detailed instructions, perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, and respond appropriately to changes in the work setting. He has markedly limited ability to interact appropriately with the general public." [Tr. 24].

determined that the Plaintiff was unable to perform any past relevant work, see 20 C.F.R. §§ 404.1565, 416.965. [Tr. 25]. At the fifth and final step, relying on the testimony of the Vocational Expert ("VE") and taking into consideration Plaintiff's age, educational background, past relevant work experience, and residual functional capacity, the ALJ must determine whether the Plaintiff is capable of making a successful adjustment to work existing in significant numbers in the national economy. See 20 C.F.R. §§ 404.159(a); 416.969(a). Based on the testimony of the Vocational Expert, the ALJ held that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy . . . ." [Tr. 25]. Based on these findings, the ALJ determined that the Plaintiff was not under a "disability" as defined by the Social Security Act, see 20 C.F.R. §§ 404.1520(g) and 416.920(g). [Tr. 27].

Following the ALJ's adverse decision, the Plaintiff properly exhausted his administrative remedies by appealing to the Social Security Appeals Council. [Tr. 8-9]. On May 8, 2013, the Council denied Manning's request for review. [Tr. 1-5]. On June 5, 2013, Plaintiff initiated the present action by filing his Complaint in the United States District Court for the Eastern District of Kentucky. [Record No. 1]. In his Motion for Summary Judgment, the Plaintiff asserts two grounds for relief: (1) that substantial evidence does not support the ALJ's conclusion that he could perform other work because the ALJ's formulation of the RFC and the hypothetical question posed to the vocational expert did not accurately portray his individual physical and mental impairment; and (2) that the ALJ failed to give adequate reasons for rejecting the opinion of Dr. David Atcher. [Record No. 9-1]. The Commissioner responds that the ALJ's decision should be affirmed, as he applied the proper standards and supported his decision with substantial evidence. [Record No. 11]. Following

briefing, this matter was referred to the undersigned upon consent of the parties for all proceedings. [Record No. 15].

### III . ANALYSIS

Pursuant to 42 U.S.C. § 405(g), a reviewing court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993) (citations omitted).

**A.    The ALJ's RFC finding was not supported by substantial evidence.**

In his motion for summary judgment, the Plaintiff claims that the ALJ's RFC finding was not supported by substantial evidence because the hypothetical posed to the vocation expert was inaccurate. [Record No. 9]. To be considered disabled under the Social Security Act, a person must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §1382c(a)(3)(A); see also Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001). Under 42 U.S.C. § 1382c(a)(3)(B),

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would

be hired if he applied for work.

The Plaintiff has the ultimate burden of establishing the existence of a disability. Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993).  Upon a finding that the Plaintiff is unable to perform any of his past relevant work, the burden then shifts to the Commissioner to establish that the Plaintiff has the ability to perform work that exists in the national economy. Davis v. Sec'y of Health & Human Servs., 915 F. 2d 186, 189 (6th Cir. 1990).

In this case, the ALJ elicited vocational expert testimony at the July 12, 2012 hearing that showed that a significant number of jobs exist in the national economy that the Plaintiff could perform. [Tr. 57].  However, when the ALJ questioned Forrest, he formulated a hypothetical question that did not accurately reflect the Plaintiff's RFC.  The ALJ indicated that the hypothetical individual would be,

> able to- would *have moderate versus marked* limitations in the ability to understand, remember, and carry out detailed instructions, perform activities in a schedule, maintain regular attendance, be punctual within customary tolerances, *interact appropriately with the general public*, respond appropriately to changes in the work setting, but would still be able to understand, remember, and carry out simple work procedures and instructions, maintaining attention and concentration for two hour periods across the normal work day...

Id. (emphasis added).

The hypothetical question did not accurately reflect the Plaintiff's RFC, as determined by the ALJ.  The ALJ's RFC was as follows: the hypothetical individual  "... must avoid loud noise environment. [Manning] has moderately limited ability to understand, remember and carry out detailed instructions, perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, and respond appropriately to changes in the work setting*. He has markedly limited ability to interact appropriately with the general public*." [Tr. 24].  Based

upon this incorrect hypothetical, the ALJ concluded that the Plaintiff "has the residual capacity to perform a full range of work at all exertional levels," and given all of these factors, the Plaintiff, "would be able to perform the requirements of representative occupations such as a janitor/cleaner and grounds keeper." [Tr. 24-26]. The jobs mentioned are the same jobs that Forrest discussed when the ALJ instructed her to assume that the limitations in work related areas were only "moderate versus marked." [Tr. 57-58]. There is a substantial and meaningful distinction between moderate and marked restrictions. A moderate limitation is defined as, "more than a slight limitation in this area, but the individual is still able to function satisfactorily." [Record No. 9-2 at 1]. Where as a marked limitation is defined as, "there is a serious limitation in this area. There is a substantial loss in the ability to effectively function." Id. The "functional capacity assessment" in the record is not clear as to whether the ALJ's hypothetical should have been moderate or marked, as both terms were used in his findings. [Tr. 24]. The ALJ erred in relying on these jobs because they were discussed exclusively in the context of moderate restrictions, and not the marked restrictions which the ALJ ultimately found in the Plaintiff. [Tr. 24].

       This Court has found that substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portrays plaintiff's individual physical and mental impairments. Lancaster v. Comm'r of Social Sec., 228 F.App'x. 563, 572 (6th Cir. 2007); see also Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987); Paddock v. Comm'r of Soc. Sec., 1998 U.S. App. LEXIS 6885 at *13 (6th Cir. Apr. 2, 1998).

In this case, the court cannot assume that the vocational expert would have answered in a

6

similar manner had the ALJ instructed her properly. see Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) (concluding that Defendant failed to meet its burden that Plaintiff could preform other gainful employment.). "The hypothetical question [ ] fails to describe accurately physical and mental impairments; a defect which... is fatal to the [vocational expert's] testimony and the ALJ's reliance upon it." Lancaster, 228 F.App'x. at 573, *quoting* Howard v. Comm'r Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2006). If the hypothetical question, "does not accurately portray Plaintiff's physical and mental state, the vocational expert's testimony in response to the hypothetical question may not serve as substantial evidence in support of the ALJ's finding that the Plaintiff could perform other work." Lancaster, 228 F.App'x. at 573. The ALJ failed to ensure that the hypothetical question posed to the vocational expert adequately and accurately described Plaintiff's limitations. There is no evidence in the record to support such findings and thus demands reversal and remand.

**B.     The ALJ properly weighed the opinion of Dr. David Atcher.**

In his Motion for Summary Judgment, Manning also argues that the ALJ erred by discounting the medical opinion of consultative physician Dr. David Atcher. [Record No. 9-1]. According to the Plaintiff, the ALJ failed to properly weigh Dr. Atcher's report along with failing to review the medical record as a whole as set forth in 20 C.F.R. §404.1527. Id. at 12-15. In opposition, the Commissioner correctly maintains that the ALJ complied with 20 C.F.R. §404.1527 and that the decision to give less weight to Dr. Atcher's opinion was supported by substantial evidence. [Record No. 11].

Throughout the five-step disability evaluation process, the ALJ is charged with the duty to weigh evidence, resolve material conflicts in testimony, and determine the case accordingly. see Richardson v. Perales, 402 U.S. 389, 399 (1971). "The Commissioner has elected to impose certain

standards on the treatment of medical source evidence." Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 375-381 (6th Cir. 2013)(quoting Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011)). Set forth in administrative regulations, these standards describe "(1) the various types of evidence that the Commissioner will consider, 20 C.F.R. § 404.1512; (2) who can provide evidence to establish an impairment, 20 C.F.R. § 404.1513; and (3) how that evidence will be evaluated, 20 C.F.R. § 404.1520b." Gayheart, 710 F.3d at 375. Medical opinions are to be weighed by the process set forth in 20 C.F.R. § 404.1527(c). Under 20 C.F.R. § 404.1527(c), an ALJ must consider all medical opinions provided in the record. The opinion of an examining medical source is generally given greater weight than the opinion of a non-examining source. 20 C.F.R. § 404.1527(c)(1).

Even if the ALJ finds that a treating source's medical opinion is not entitled to controlling weight, that opinion is not simply rejected. Keeton v. Comm'r of Soc. Sec., 583 F.App'x. 515, 525 (6th Cir. 2014). Instead, "[i]t may still be entitled to deference and be adopted by the adjudicator." Id. To make such a determination, an ALJ considers the examining relationship, the treatment relationship, the length of the treatment relationship, the supportability of a medical source's opinion, the consistency of the opinion with the record as a whole, the specialization of the medical source, and other relevant factors. 20 C.F.R. § 404.1527(c); SSR 06–03p, 2006 WL 2329939, at *3 (Aug. 9, 2006).

In this case, the ALJ's decision regarding the weight given to the opinion of Dr. Atcher was supported by substantial evidence. Dr. Atcher diagnosed the Plaintiff with PTSD, gave him a GAF score of 40, and opined that the Plaintiff could not carry out even simple tasks. [Tr. 25, 289-290, 328-350]. The ALJ, however, attributed less weight to these findings based on a review of various factors. The ALJ found that, "the claimant complained of traumatic events, witnesses dead bodies,

and civilians fighting each other... The claimant did not get [VA] disability, apparently his stories were rejected since his service was during peacetime, in 1978-1982" [Tr. 25]. The ALJ also noted, Dr. Atcher's diagnosis was in direct opposition to the rest of the record. Id. The ALJ found that,

> The VA apparently rejected the claimant's stories and diagnosed him with depressive disorder, not otherwise specified and anxiety disorder, not otherwise specified and the GAF score was 60 to 65. In fact, progress notes dated July 15, 2011, show the claimant's GAF score was 60, and his mood was "pretty good" and affect was full... Progress notes dated November 18, 2011, show the GAF score was 65, although the claimant was frustrated that VA denied his claim because he was in service at peacetime...The Administrative Law Judge rejects the limitations assessed by the consultative psychiatrist Dr. Atcher, since they are based on incorrect and exaggerated symptoms, and are found to be contradicted by other evidence and inconsistent with the evidence as a whole.

[Tr. 25].

Instead, the ALJ chose to accord greater weight to the VA's medical consultants. [Tr. 25]. Dr. John Gambill found that the Plaintiff was not, "exposed to trauma," did not have severe mental limitations, and that his credibility was "eroded" based on conflicting statements. [Tr. 351-352]. Dr. Koerber also found that the Plaintiff had the ability to perform activities such as sitting, standing, moving about, lifting, carrying, handling objects, hearing and speaking. [Tr. 354-357]. The ALJ also found that, "the evidence shows the claimant was doing many odd jobs, like painting, electrical work and replacing copper pipes. The claimant was also fixing around things at his mother's house." [Tr. 25].

Thus, when viewing the entire record, this Court finds that substantial evidence supported the ALJ's decision to assign little weight to Dr. Atcher's findings. Substantial medical evidence exists indicating that Manning was not physically impaired as Dr. Atcher's determination indicated. The substantial evidence was provided for in the record and reflects that Manning has been able to do home repairs and odd jobs. The ALJ noted the fact that other evaluating physicians did not share

9

Dr. Atcher's conclusions before making his final decision. Put simply, there was sufficient evidence upon which a reasonable person could accept as adequate the decision to discount the opinion of Dr. Atcher.

### IV. CONCLUSION

The Social Security Act authorizes "two types of remand: (1) post judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the [Commissioner](a sentence four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the secretary (a sentence six remand). Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174 (6th Cir. 1994)(citing 42 U.S.C. § 405(g)). Under a sentence-four remand, this Court has the authority to "enter, upon the pleadings and transcript of the record, a judgment affirming, denying or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing." 42 U.S.C. § 405(g). Where, as in the instant case, there is insufficient support for the ALJ's findings, the appropriate remedy is reversal and a sentence-four remand for further consideration. see Faucher, 17 F.3d at 174; Tolliver v. Apfel; 2000 U.S. App. LEXIS 29211 at *8 (6th Cir. Nov. 8, 2000).; Ridge v. Barnhart, 232 F. Supp. 2d 775, 786 (N.D. Ohio 2002); see also Jackson v. Chater, 99 F.3d 1086, 1091-92 (11th Cir. 1996) (holding that a sentence-four remand is appropriate where the Commissioner errs in some respect with regard to the decision to deny benefits.).

Therefore, for the foregoing reasons, it is ORDERED that the Plaintiff's Motion for Summary Judgment [Record No. 9] be GRANTED, the Defendant Commissioner's Motion for Summary Judgment [Record No. 11] be DENIED, and that Judgment be entered reversing the Commissioner's decision and remanding this action for further consideration in accordance with this opinion.

Signed January 29, 2015.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge